**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRIAN R. BEAUDRY | ) | NO. 3:22-CV-01357 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLAY LACY AVIATION, INC. | ) | AUGUST 22, 2023 |
| *Defendant*. | ) | |

**MEMORANDUM OF DECISION**
**RE: MOTION TO DISMISS (ECF NO. 17), MOTION FOR RULING ON MOTION TO DISMISS (ECF NO. 26), MOTIONS FOR SANCTIONS (ECF NOS. 27 & 28), MOTION TO DISREGARD (ECF NO. 30), MOTION TO DISMISS (ECF NO. 31) & MOTION FOR LEAVE TO FILE (ECF NO. 35)**

Kari A. Dooley, United States District Judge:

*Pro se* Plaintiff Brian R. Beaudry, a pilot engaged by Defendant Clay Lacy Aviation, Inc., brings the instant action alleging that Defendant has previously and continues to unlawfully withhold federal taxes from his compensation. Plaintiff asserts that by withholding taxes from his compensation, Defendant has: 1) committed Grand Theft in violation of California Penal Code § 487; 2) conspired with the IRS to commit such theft; 3) deprived him of his constitutional rights to property and due process in violation of 18 U.S.C. § 242; and 4) conspired with the IRS to violate those rights in violation of 18 U.S.C. § 241. Now pending before the Court are Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and the parties' cross-motions for sanctions pursuant to Federal Rule of Civil Procedure 11. For the reasons that follow, Defendant's motion to dismiss, ECF No. 17, is GRANTED with prejudice, and the parties' cross-motions for sanctions, ECF Nos. 27 & 28, are DENIED.

**STANDARDS OF REVIEW**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Because Plaintiff has filed his Complaint *pro se*, the Court must construe his filings "liberally" and interpret them to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation omitted); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). Despite this special solicitude, the Complaint "must still 'include sufficient factual allegations to meet the standard of facial plausibility' to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (quoting *Sentementes v. Gen. Elec. Co.*, No. 3:14-CV-00131 (VLB), 2014 WL 2881441, at *2 (D. Conn. June 25, 2014)).

**FACTS AND PROCEDURAL HISTORY**

For the purposes of the instant motion to dismiss, the Court accepts as true the facts alleged in Plaintiff's Complaint. The facts of this case are straightforward. Plaintiff Brian R. Beaudry, a New Hampshire resident, was "engaged as an airplane pilot" for Defendant Clay Lacy Aviation,

2

Inc., a California corporation with a branch of its business located at Waterbury Oxford Airport in Waterbury, Connecticut.[1] Compl. ¶¶ 2–4, ECF No. 8. When Plaintiff was hired by Defendant, Defendant provided Plaintiff an IRS Form W-4. *Id.* ¶ 24. This made Plaintiff "believe that he was an 'employee' of [Defendant], who is the employer." *Id.*[2]

Plaintiff later "learned that the income tax did not apply to living souls, but was applicable only to the business or corporations." *Id.* ¶ 9 (citing *Doyle v. Mitchell Bros.*, 247 U.S. 179, 183 (1918)). Plaintiff therefore sent Defendant a written notice on August 9, 2022, stating that he "wished to terminate the *voluntary agreement* he entered into with [Defendant]" that allowed Defendant to deduct a portion of his earnings for federal income tax withholding pursuant to § 3402 of the Internal Revenue Code, 26 U.S.C. §§ 1 *et seq.* Compl. ¶ 10. This notice was received by Defendant on August 16, 2022. *Id.*

Defendant responded to Plaintiff's notice by indicating that the Internal Revenue Service ("IRS") directed it to continue withholding from Plaintiff's paycheck. *Id.* ¶ 12. The IRS further directed Defendant to change the number of deductions listed on Plaintiff's Form W-4 to "0." *Id.* Defendant therefore continued withholding federal income tax from Plaintiff's earnings and has withheld an aggregate amount of more than $30,000. *Id.* ¶ 13.

Plaintiff filed the instant action on October 26, 2022, alleging that Defendant's withholding of federal income tax from his earnings violates his rights under federal and state law. Specifically, Plaintiff alleges that Defendant has: 1) committed Grand Theft in violation of California Penal

---

[1] The Court takes judicial notice of the fact that Defendant is a California Corporation as indicated on the California Secretary of State's website. *See Business Search*, Cal. Sec'y of State, https://bizfileonline.sos.ca.gov/search/business [https://perma.cc/UA5A-8BUC] (last visited Aug. 21, 2023) (search for "Clay Lacy Aviation"); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the Court may "take judicial notice of relevant matters of public record").

[2] Despite this allegation in the Complaint, Plaintiff asserts in later motion papers that he was not an "employee" of Defendant, relying on his incorrect interpretation of one of the implementing regulations to the Internal Revenue Code that defines the term "State," 26 C.F.R § 31.3121. This argument is discussed, *infra.*

Code § 487; 2) conspired with the IRS to commit such theft; deprived him of his constitutional

rights to property and due process in violation of 18 U.S.C. § 242; and conspired with the IRS to

violate those rights in violation of 18 U.S.C. § 241. Compl. at 1–2, 5–6.

Now pending before the Court are Defendant's motion to dismiss the Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) and both parties' cross-motions for sanctions pursuant

to Federal Rule of Civil Procedure 11.[3]

**DISCUSSION**

**Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), alleging that Plaintiff has failed to state a claim upon which relief could be

granted. Specifically, Defendant argues that Plaintiff's asserted causes of action, arising under the

California Penal Code and the federal criminal code, do not provide a private right of action in a

civil suit in this Court. *See* Def.'s Mem. in Supp. Mot. to Dismiss at 7–10, ECF No. 17-1.

Defendant seeks dismissal with prejudice, asserting that there is no conceivable cause of action

arising out of the lawful withholding of income tax from Plaintiff's paycheck. *See id.* Labeling

Defendant's arguments as "lies" and "misstatements designed to mislead the court," Plaintiff

argues that he has stated a cognizable cause of action, whether rooted in criminal law or tort law,

---

[3] Also pending before the Court are four other motions filed by Plaintiff: 1) a motion for a ruling on the Defendant's motion to dismiss, ECF No. 26; 2) a motion to disregard Defendant's objection to Plaintiff's motion for sanctions, ECF No. 30; 3) a motion to dismiss Defendant's motion for sanctions, ECF No. 31; and 4) a motion for leave to file, ECF No. 35. As the Court grants the motion to dismiss, Plaintiff's motion for a ruling is now moot. The Court construes Plaintiff's motion to disregard as a motion to strike Defendant's objection to the motion for sanctions. This motion is denied; Defendant is permitted, pursuant to Local Rule 7, to file an opposition to a motion for sanctions. Plaintiff's argument as to why the Court should disregard the motion is frivolous. The Court construes Plaintiff's motion to dismiss as a memorandum in opposition to Defendant's motion for sanctions, which has been considered by the Court in adjudicating the motion for sanctions. Plaintiff's motion for leave to file, in which he seeks permission to file "Reply" memoranda in further support of his motion to disregard and motion to dismiss are denied as procedurally improper.

because he has asserted that Defendant is wrongfully withholding his wages—his "property"—in violation of his constitutional rights. *See* Pl.'s Resp. to Mot. to Dismiss at 1, 6–13, ECF No. 19.

The Court agrees with Defendant.

### *Subject Matter Jurisdiction*

At the outset, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief.[4] "[E]ven if no party raises the issue, courts have an obligation to consider subject matter jurisdiction *sua sponte*." *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019). A case may be dismissed for lack of subject matter jurisdiction where "the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

With exceptions not relevant here, the Anti-Injunction Act prohibits the Court from entertaining any action brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). The purpose of the Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Thus, in order to prevent suits preemptively challenging tax collection from "'clog[ing] the wheels of government[,]' . . . the Anti–Injunction Act applies not only to tax assessment and collection, but also to activities 'reasonably related' to assessment and collection." *Sierra v. United States*, No. 97-CV-9329 (RWS), 1998 WL 599715, at *5 (S.D.N.Y. Sept. 10, 1998) (quoting *Louisiana v. McAdoo*, 234 U.S. 627, 632 (1914), and *Hecht v. United States*, 609 F. Supp. 264, 267 (S.D.N.Y. 1985)).

---

[4] Defendant does not raise this argument, however the Court can, and indeed must, raise issues of its subject matter jurisdiction *sua sponte*.

Plaintiff seeks, as injunctive relief, a permanent restraining order prohibiting Defendant from the "withholding of an [sic] funds from [Plaintiff's] consideration received for his property." Compl. at 11 ¶ (vi). Thus, Plaintiff clearly seeks to restrain the collection of Plaintiff's federal income taxes, and the Anti-Injunction Act is therefore a jurisdictional bar to the injunctive relief Plaintiff seeks.

### *Failure to State a Claim*

Even if the Court has subject matter jurisdiction over Plaintiff's remaining claims, Plaintiff nevertheless has failed to state a claim upon which relief can be granted. Plaintiff's exclusive recourse to recoup federal income taxes withheld is through the administrative process, and if that fails, through a suit against the United States. *See* 26 U.S.C. § 7422(a), (f). Pursuant to § 7422 of the Internal Revenue Code, "a taxpayer 'who seeks a refund of federal taxes must first make an administrative refund claim' with the IRS." *Matthew v. RCN Corp.*, No. 12-CV-0185 (JMF), 2012 WL 5834917, at *4 (S.D.N.Y. Nov. 14, 2012) (quoting *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir. 1997). "Failing an administrative resolution, the taxpayer's exclusive remedy is to file suit against the United States." *Id.* Courts have construed § 7422 broadly, making clear "that the statute applies to any tax refund suit, whether or not labeled as such and whether or not under federal law." *Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 302 (S.D.N.Y. 2014) (quoting *Matthew*, 2012 WL 5834917, at *4). "Therefore, courts have held that § 7422 preempts state law claims filed by plaintiffs where those claims sought tax refunds." *Id.*

Here, Plaintiff seeks as relief "[a]ll the amounts of money the [Defendant] withheld from [Plaintiff's] consideration since [Defendant] received notice to cease withholding." Compl. at 11 ¶ (ii). Thus, Plaintiff's Complaint states a quintessential tax refund claim. Plaintiff is seeking to recoup the amounts withheld from his paycheck by Defendant and paid to the IRS. To the extent

Plaintiff seeks other monetary relief,[5] this relief is derivative of his tax refund claim. Because Plaintiff has alleged no facts to suggest that he previously filed an administrative refund claim with the IRS, and further has improperly named Defendant Clay Lacy—a private corporate entity and not the United States—as defendant in this case, the claims fail. *See Matthew*, 2012 WL 5834917, at *8 ("Plaintiff's complaint must be dismissed, both because he failed to exhaust his administrative remedies, as required by Section 7422(a), and because he sued the wrong defendant, pursuant to Section 7422(f)(1)."); *McNeil v. Whipple*, 720 F. Supp. 2d 73, 76 (D.D.C. 2010) (holding that the court lacked subject matter jurisdiction over the plaintiff's complaint seeking a tax refund from employees of the Office of Personal Management because "his only claim lies against the United States"); *Childers*, 36 F. Supp. 3d at 302 ("Federal courts therefore have held that where plaintiffs have not filed timely refund claims with the IRS, they do not have jurisdiction over suits for a tax refund."); *DuPont Glore Forgan Inc. v. Am. Tel. & Tel. Co.*, 428 F. Supp. 1297, 1303 (S.D.N.Y. 1977) ("[S]ection 7422(f) means precisely what it says[:] . . . plaintiffs may maintain a tax refund claim only against the government and not against collecting agents."), *aff'd*, 578 F.2d 1367 (2d Cir. 1978).[6]

Turning to the Defendant's arguments, although the Complaint is not entirely clear as to what causes of action Plaintiff is attempting to bring, he asserts that Defendant's actions in

---

[5] Plaintiff also seeks punitive damages for deprivations and criminal conspiracy to commit deprivations of his rights to property and due process of law arising out of Defendant's withholding of income tax. *See* Compl. at 11 ¶¶ (iv)–(v). As discussed *infra*, these claims are frivolous.

[6] Failure to exhaust administrative remedies implicates the Court's subject matter jurisdiction in suits for tax refunds against the United States because exhaustion is a prerequisite to the waiver of sovereign immunity afforded under Section 7422. *See Chamberlain v. Krysztof*, 617 F. Supp. 491, 495 (N.D.N.Y. 1985) ("It is a jurisdictional prerequisite for maintaining a court action challenging the imposition of a civil penalty that a taxpayer first pay the penalty, file a claim for a refund and have the claim disallowed."), *as amended* (Aug. 20, 1985); *Scheuering v. United States*, No. 14-CV-932 (NSR), 2014 WL 6865727, at *3 (S.D.N.Y. Dec. 4, 2014). As Defendant here is a private entity, whether Plaintiff's failure to exhaust administrative remedies implicates the Court's subject matter jurisdiction or, alternatively, whether it simply renders Plaintiff unable to state a claim for relief because such a claim is precluded under § 7422, is less clear. In any event, even if the Court has subject matter jurisdiction over Plaintiff's claims, for the reasons discussed above, Plaintiff has nevertheless failed to state a claim for relief.

withholding federal income taxes constitute violations of § 487 of the California Penal Code, 18 U.S.C. § 242, and 18 U.S.C. § 241. *See* Compl. at 1–2, 5–6.

Each of these alleged violations implicate state or federal criminal statutes. As a general matter, "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (summary order). Further, "[w]here Congress has not explicitly provided for a private right of action under a criminal statute, the Supreme Court has rarely implied one." *Lewis v. City of Newburgh*, No. 20-CV-7973 (CS), 2021 WL 6052135, at *9 (S.D.N.Y. Dec. 20, 2021), *appeal dismissed* (Feb. 11, 2022). And courts have explicitly held that neither § 241 nor § 242 of Title 18 of the United States Code provide for a private right of action. *See id.* (collecting cases); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of a plaintiff's claims brought under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability"). Likewise, California courts have held that there is no private right of action under § 487 of the California Penal Code. *Deville v. Specialized Loan Servicing, LLC*, No. EDCV 20-5576 (JGB), 2020 WL 13267725, at *4 (C.D. Cal. Sept. 9, 2020) (collecting cases). Thus, none of the statutes relied upon by Plaintiff confer a private right of action and the Complaint may be dismissed on this basis, as well.

**Leave to Amend**

Plaintiff requests leave to amend his Complaint in his motion for a ruling. *See* Pl.'s Mot. for Ruling at 3, ECF No. 26. Generally, leave to amend should be freely granted. *See* Fed. R. Civ. P. 15(a)(2). However, leave should not be given where an amendment would be futile. *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). Here, given the analysis above, even construing Plaintiff's Complaint liberally, the Court cannot conceive of any cause of action that the facts alleged in Plaintiff's Complaint could plausibly sustain. Amendment would therefore be futile.

In addition, Plaintiff's Complaint arises out of his assertion that his earnings are not subject to federal income tax and so Defendant wrongfully withheld federal income taxes from his earnings. But an employer is statutorily required to deduct and withhold taxes from its employees' wages pursuant to § 3402 of the Internal Revenue Code. *See* 26 U.S.C. § 3402(a)(1). And "[n]umerous cases have held that an employer cannot be liable when it complies with this statute and withholds taxes." *Hyatt v. Metro. Transp. Auth.*, No. 08-CV-0654 (BMC) (LB), 2008 WL 11409955, at *3 (E.D.N.Y. Sept. 19, 2008), *aff'd*, 370 F. App'x 153 (2d Cir. 2010). Indeed, § 3403 of the Internal Revenue Code provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, *and shall not be liable to any person for the amount of any such payment*." 26 U.S.C. § 3403 (emphasis added). Thus, Plaintiff cannot state a claim against Defendant on the basis that it withheld income tax pursuant to § 3402, even if Plaintiff alleges that such withholding was erroneous. *See 'El Bey v. MTA/New York*, No. 00-CV-2504 (GBD), 2001 WL 487410, at *2 (S.D.N.Y. May 8, 2001) ("An employer cannot be held liable for withholding taxes in compliance with federal law as the duty to withhold is mandatory, not discretionary." (collecting cases)); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984) ("Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability.").

Plaintiff's attempt to circumvent a similar finding here by asserting that he is not an "employee" as that term is defined under the Internal Revenue Code is misguided. Plaintiff's argument derives from an inaccurate, and thoroughly debunked, reading of the Internal Revenue Code and its implementing regulations. He asserts that 26 C.F.R. § 31.3121(b) provides that "[e]mployment must be performed within the United States," Compl. ¶ 28; that 26 C.F.R. § 31.3121(e)-1(b) defines the "United States" as "the several states (including the Territories of

Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands," Compl. ¶ 29; and that 26 C.F.R. § 31.3121(e)-1(a)'s definition of "State" only includes "the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as states, and (when used with respect to services performed after 1960) Guam and American Samoa," Compl. ¶¶ 29–30. Thus, the argument goes, because Plaintiff does not work in the District of Columbia, federal territories, or federal enclaves, but rather works within the fifty states, Plaintiff's work for Defendant does not constitute "employment," and he is therefore not Defendant's "employee" and does not receive taxable "wages" as contemplated by the Internal Revenue Code. *See* Pl.'s Resp. to Mot. to Dismiss at 4.

This argument has been repeatedly raised by so-called tax protestors and routinely rejected by courts nationwide. Indeed, the fact that the fifty states of the United States fall within the definition of "State" under the Internal Revenue Code should go without saying. But, due to the advancement of this frivolous argument, other courts have repeatedly been compelled to say it, nonetheless. *See, e.g.*, *Davis v. 1568 Broadway Hotel Mgmt. LLC DoubleTree Hotel Times Square*, No. 17-CV-1895 (VEC), 2018 WL 317849, at *3 (S.D.N.Y. Jan. 5, 2018) ("New York is a state of the United States, and residents of New York State are subject to U.S. federal jurisdiction. . . . As an American citizen residing in the United States, Plaintiff is subject to the requirement that he pay income taxes."); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the

10

nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned as frivolous . . . ." (internal citation omitted) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990))); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (rejecting the plaintiff's "twisted conclusion" that, in the provision of the Tax Code defining "the words 'state' or 'United States' to 'include' United States territories and the District of Columbia," the word "include" is "a term of limitation, rather than of definition," finding the contention "utterly without merit").

And if this were not enough, each of Plaintiff's alternative arguments as to why Defendant's withholding of income taxes was "wrongful" have been routinely debunked by the federal courts. For example, Plaintiff claims that Defendant's withholding was wrongful because he exercised his alleged statutory right to decline to have income taxes withheld from his wages pursuant to 26 C.F.R. § 31.3402(p)–1 ("Voluntary withholding agreements"). "This is not a correct statement of the law." *Yisrael v. Per Scholas, Inc.*, No. 01-CIV-8290 (DAB), 2004 WL 744485, at *4 (S.D.N.Y. Apr. 7, 2004). Under § 31.3402(p)–1, "recipients of certain types of otherwise untaxed income *may elect* to subject that income to voluntary withholding taxes as well." *Id.* (emphasis added). This section does not, however, permit Plaintiff to opt out of paying income taxes, nor does it give Plaintiff the ability to eliminate his employer's obligation to withhold income tax pursuant to 26 U.S.C. § 3402. *See id.*

The Court need not herein further address Plaintiff's additional frivolous arguments—*i.e.*, that the IRS is not an agency of the United States, tax obligations do not apply to "living souls," and the Sixteenth Amendment does not allow for the collection of federal income taxes—as other courts have already sufficiently disposed of each one. *See, e.g.*, *Stockton v. N.M. Tax'n & Revenue Dep't*, 141 N.M. 860, 866 (2007) (N.M. Ct. App. 2007) (collecting cases rejecting the proposition

that "income taxes are excise taxes or taxes upon corporate privileges"); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States."); *Young v. Commissioner*, 551 F. App'x 229, 230 (8th Cir. 2014) (rejecting the plaintiff's arguments that federal income tax is an unconstitutional direct tax as "meritless" and "frivolous"). Indeed, as Defendant observes, the IRS has compiled many of such cases and published an extensive article discussing them entitled *The Truth About Frivolous Tax Arguments*.[7]

For all of these reasons, the Complaint is dismissed with prejudice.

**Motions for Sanctions**

Each party has also moved for the imposition of sanctions against the other pursuant to Federal Rule of Civil Procedure 11. *See* Pl.'s Mot. for Sanctions, ECF No. 27; Def.'s Mot. for Sanctions, ECF No. 28.

Rule 11(c)(1) provides in pertinent part: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party." Fed. R. Civ. P. 11(c)(1). Rule 11(c)(2), however, the so-called "safe-harbor" provision, precludes a party from filing a motion for sanctions until twenty-one days after service upon the opposing party, thereby giving the other party an opportunity to correct the allegedly improper filing. *See* Fed. R. Civ. P. 11(c)(2). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

The Court notes at the outset that there is no indication on the record that either party complied with Rule 11(c)(2)'s safe-harbor provision. Indeed, Plaintiff expressly contends, and

---

[7] *The Truth About Frivolous Tax Arguments*, I.R.S., https://www.irs.gov/privacy-disclosure/the-truth-about-frivolous-tax-arguments-introduction [https://perma.cc/9QNR-V4UY] (Feb. 9, 2023).

Defendant fails to refute, that Defendant failed to comply with the safe-harbor provision prior to filing its motion for sanctions. *See* Pl.'s Mot. to Dismiss at 1–2, ECF No. 31; Def.'s Obj. to Pl.'s Mot. to Dismiss at 2, ECF No. 33. Thus, the parties' Rule 11 motions for sanctions can be denied on this basis alone. *See Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) (denying motion for sanctions where the moving party failed to comply with the strict requirements of Rule 11(c)(2)'s safe-harbor provision).

Of course, the Court nevertheless has the "inherent authority to sanction bad-faith conduct." *Davis v. Saint Luke's-Roosevelt Hosp. Ctr.*, 771 F. App'x 116, 116 (2d Cir. 2019) (summary order) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). However, the Court does not find that the exercise of such authority is warranted here. As to Plaintiff's motion, as discussed above, Defendant's motion to dismiss did not "consist[] of lies," as Plaintiff contends, *see* Pl.'s Mot. for Sanctions at 1, but accurately set forth the relevant facts and legal principles applicable in this case. Accordingly, Plaintiff's motion for sanctions is baseless and is denied for this reason, as well.

As to Defendant's motion, Defendant correctly observes that "[s]anctions may be imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." Def.'s Mot. for Sanctions at 3 (quoting *Williams v. Off. of Child Support*, No. 21-CV-8235 (PAE) (RWL), 2023 WL 2396354, at *3 (S.D.N.Y. Mar. 3, 2023)). And although the claims and arguments Plaintiff has advanced have been rejected so frequently that some courts have found that the very raising of such arguments justifies the imposition of sanctions, *see, e.g.*, *Akil Bey v. City of New York Dep't of Corr.*, 164 F.3d 617 (2d Cir. 1998) (summary order); *'El Bey*, 2001 WL 487410, at *2, the Court nonetheless does not sanction Plaintiff. The decision whether to award sanctions rests within the sound

13

discretion of the Court. *Simon DeBartolo Group v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir. 1999). And "[a]lthough representing oneself cannot be used as an impenetrable shield to the imposition of sanctions, it is still appropriate for the Court to take into consideration that plaintiff is untutored in the law," *'El Bey*, 2001 WL 487410, at \*2 (internal citations omitted), and was perhaps affirmatively mislead by the incorrect arguments long perpetuated by tax protestors. Given Plaintiff's *pro se* status and his obvious lack of understanding as to the applicable law in this case, the Court finds that the imposition of sanctions is unwarranted.[8]

Accordingly, Plaintiff's Motion for Sanctions, ECF No. 27, and Defendant's Motion for Sanctions, ECF No. 28, are DENIED.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss, ECF No. 17, is GRANTED. Plaintiff's Complaint is dismissed with prejudice. Plaintiff's motion for sanctions, ECF No. 27, is DENIED with prejudice. Defendant's motion for sanctions, ECF No. 28, is DENIED without prejudice. Plaintiff's motion for a ruling, ECF No. 26, is MOOT. Plaintiff's Motion to Disregard, ECF No. 30, is DENIED. The Clerk is directed to terminate Plaintiff's Motion to Dismiss, ECF No. 31, insofar as it has been construed and considered as Plaintiff's opposition to Defendant's motion for sanctions.

The Clerk of the Court is directed to enter judgment for Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of August 2023.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[8] This is not to say that if Plaintiff continues to assert his baseless claims against Defendant, that sanctions would not be appropriate at some future point in time.